**DLD-012**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3768
_____

IN RE:  DALMA EDWARDS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:10-cv-03360)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 15, 2010
Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed :  October 26, 2010)
_____

OPINION
_____

PER CURIAM

On July 1, 2010, Dalma Edwards filed in the District Court a habeas petition

pursuant to 28 U.S.C. § 2241 challenging the decision of the Bureau of Prisons to transfer

him to a Residential Re-entry Center for only the final 90 to 120 days of his sentence, as

opposed to the maximum twelve-month period allowed for by the Second Chance Act of

2007.  See 18 U.S.C. § 3624(c)(1).  On September 17, 2010, Dalma Edwards filed this

1

pro se mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order to compel the District Court to rule on the habeas petition.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In addition, as a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Nonetheless, mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. The District Court's delay in this case, however, does not meet that standard. Edwards filed his habeas petition accompanied by a motion to proceed in forma pauperis ("IFP") on July 1, 2010. On August 4, 2010, having accumulated the filing fee necessary for a habeas petition, Edwards moved to withdraw his previous motion to proceed IFP. On September 22, 2010, the District Court ordered the Respondents to file an answer to the habeas petition within thirty days.

Based on experience with a previous habeas petition, Edwards has a valid concern that his current habeas petition may not be adjudicated in a timely fashion. See Edwards v. Samuels, No. 06-5785, 2007 WL 2746855 (D.N.J. Sept. 18, 2007) (dismissing an

2

earlier habeas petition by Edwards challenging the execution of a previous sentence as moot, because Edwards had been released from prison custody). Nonetheless, there is no indication of undue delay regarding Edwards's current habeas petition. Less than three months passed between the time Edwards filed his habeas petition and his mandamus petition. Moreover, within days of Edwards filing his mandamus petition, the District Court ordered the Respondents to file an answer to the habeas petition. The District Court's order demonstrates that it is currently considering Edwards's habeas petition and is doing so in an expedited fashion. We cannot say that the delay in adjudicating Edwards's habeas petition is "tantamount to a failure to exercise jurisdiction" or "rise[s] to the level of a denial of due process." Madden, 102 F.3d at 79.

Accordingly, we will deny Edwards's mandamus petition. To the extent that Edwards's motion to proceed IFP before this Court could also be construed as a motion to appoint counsel, the request for counsel is denied as moot.